Case 1:21-cr-20156-JLK   Document 1   Entered on FLSD Docket 03/12/2021   Page 1 of 9

FILED by __YH__ D.C.

Mar 12, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20156-CR-KING/BECERRA

18 U.S.C. § 371
18 U.S.C. § 981(a)(2)(A)

UNITED STATES OF AMERICA

v.

JUSTIN ETWARU,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. The defendant, **JUSTIN ETWARU**, was a resident of Boca Raton, Florida.

2. The defendant, **JUSTIN ETWARU**, with Coconspirator A jointly owned Business A, a restaurant located in Miami, Florida.

3. Coconspirator A, was a resident of Miami, Florida. In addition to co-owning Business A, Coconspirator A owned Business B, a catering and food service business located in Miami, Florida.

4. Coconspirator B was a resident of Miami, Florida and an associate of **JUSTIN ETWARU** and Coconspirator A.

5. Bank A was a participating lender of funds to small businesses under the Paycheck Protection Program ("PPP") in 2020. Under the PPP, the Small Business Administration agreed

to guarantee loans provided by participant lenders under certain conditions. Financial Service Provider A connected PPP loan applicants to qualified lenders.

6. In order to obtain a PPP loan, an applicant had to submit an application listing the number of employees and average monthly payroll expenses for the applicant's company. Furthermore, the applicant had to certify that the funds would be used for payroll and other authorized expenses for the applicant's company.

**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 371)**

From on or about July 4, 2020, through on or about September 12, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JUSTIN ETWARU,**

did knowingly and willfully combine, conspire, confederate, and agree with other individuals known and unknown to the United States Attorney, to commit certain offenses against the United States, namely: to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

It was the purpose of the conspiracy for the defendant and his co-conspirators to unjustly enrich themselves by submitting and causing others to submit to financial institutions false and

fraudulent PPP loan applications that falsely certified employee payroll amounts and falsely certified that the funds would be used for payroll and other authorized expenses.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

1. **JUSTIN ETWARU** was having difficulty obtaining a PPP loan for Business A when Coconspirator B, an associate, offered his assistance. **ETWARU** and Coconspirator B worked together to complete a PPP application that **ETWARU** electronically submitted on or about July 8, 2020 to Financial Service Provider A and Bank A for Business A. Coconspirator B understood he would unjustly receive a portion of another PPP loan that Coconspirator B submitted on behalf of Coconspirator A – the co-owner of Business A.

2. Coconspirator B originally suggested **JUSTIN ETWARU** apply for a loan for hundreds of thousands of dollars, knowing that amount was far in excess of what Business A would qualify for under the terms of the PPP program. **ETWARU** instead sought a smaller but nonetheless unsupported amount in the PPP application to Financial Service Provider A and Bank A.

3. The loan application that **JUSTIN ETWARU** submitted contained a number of false statements including: (a) claiming an "average monthly payroll" of $23,100; and (b) certifying that "[t]he funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule."

4. At no time did Business A have an average monthly payroll of as much as $23,100.

Indeed, on or about May 3, 2020, **JUSTIN ETWARU** claimed only $7,276.33 in average monthly payroll on an (unsuccessful) PPP application to a different lender. **ETWARU** knew the loan application for Business A that he submitted to Bank A on or about July 8, 2020, was for an amount greater than the amount that Business A needed to retain workers, maintain payroll, or make mortgage interest, lease or utility payments.

7. Bank A approved the loan in the amount of $57,750 and deposited the funds, via interstate wire, to Business A's bank account at Bank B on or about July 9, 2020.

8. Coconspirator A used the funds received from the PPP loan application that **JUSTIN ETWARU** submitted for unauthorized purposes such as to pay taxes and repay loans, the true nature of which were concealed as payroll.

## OVERT ACTS

In furtherance of the conspiracy and to achieve its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about July 7, 2020, Coconspirator B, angry about a loan that he applied for on behalf of Coconspirator A, text messaged **JUSTIN ETWARU** and said, "We'll get a loan for [Business A]."

2. On or about July 8, 2020, **JUSTIN ETWARU** signed and submitted a Small Business Administration Borrower Application Form electronically to Bank A, on which he falsely certified that the average monthly payroll for Business A was $23,100.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE
### (18 U.S.C. § 982(a)(2)(A))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JUSTIN ETWARU**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, as alleged in this Information, the defendant, shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. The property subject to forfeiture includes, but is not limited to, the following: a forfeiture money judgment in the amount of $57,750.00, which sum represents the amount of directly forfeitable property.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 18, United States Code, Section 982(b)(1).

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
DEPARTMENT OF JUSTICE

EMILY SCRUGGS
TRIAL ATTORNEY, FRAUD SECTION
DEPARTMENT OF JUSTICE

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JUSTIN ETWARU,

       Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | | |
|---|---|---|---|---|
| X | Miami | ___ | Key West | |
| ___ | FTL | ___ | WPB | ___ FTP |

New Defendant(s)     Yes ___     No ___
Number of New Defendants     ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)      No
   List language and/or dialect

4. This case will take  0  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)            (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | X | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | X |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court?   (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   X  No

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY
Court ID No. 5501557

*Penalty Sheet(s) attached            REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** JUSTIN ETWARU

**Case No:** _____

Count #: 1

Conspiracy to Commit an Offense Against the United States

Title 18, United States Code, Section 371

\* **Max. Penalty:** Five (5) Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| JUSTIN ETWARU, | ) | |
| | ) | |
| Defendant | ) | |

**WAIVER OF AN INDICTMENT**

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*